UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA MARIE HUIZAR,

       Plaintiff,                               Civil Action No. 21-10859
vs.                                             HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 21); (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 20); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18); AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Amanda Marie Huizar seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under the Social Security Act. Huizar and the Commissioner filed cross-motions for summary judgment (Dkts. 17, 18). The magistrate judge issued an R&R recommending that the Court deny Huizar's motion, grant the Commissioner's motion, and affirm the Commissioner's decision (Dkt. 20). Huizar filed objections to the R&R (Dkt. 21), and the Commissioner filed a reply to Huizar's objections (Dkt. 22). For the reasons that follow, the Court overrules Huizar's objection and adopts the recommendation contained in the R&R.

## I. BACKGROUND

In her applications, Huizar claimed that she could not work due to the following disabilities: uncontrolled diabetes mellitus type 2, narcolepsy, acute keratitis bilateral, attention

deficit hyperactivity disorder, bilateral carpal tunnel syndrome, major depressive disorder, anxiety, borderline personality disorder, and posttraumatic stress disorder. R&R at 4. Administrative law Judge (ALJ) Timothy Scallen, engaging in the five-step disability analysis, found at steps one and two that Huizar had not engaged in substantial gainful activity since the alleged onset date of her disability, and that she had the following severe impairments: history of diabetes mellitus, attention deficit hyperactivity disorder, bilateral carpal tunnel syndrome, anxiety, and a mood disorder. Id. at 4–5. However, at step three, the ALJ found no evidence that Huizar's impairments met or medically equaled one of the listings in the regulations. Id. at 5. Further, at step four, the ALJ found that Huizar had a residual functional capacity (RFC) to perform light work with certain limitations. Id. At step five, the ALJ denied Huizar's application for benefits, finding that there are a significant number of jobs in the national economy that Huizar could perform. Id.

On appeal, Huizar challenged (i) the ALJ's determination at step two that her narcolepsy is a non-severe impairment; and (ii) the ALJ's determination regarding the jobs that Huizar can perform.

**A. Narcolepsy**

In making the step two finding, the ALJ identified one of Huizar's asserted disabilities, narcolepsy, as a non-severe impairment. Id. at 12. Huizar challenged this finding as unsupported by substantial evidence. Id. at 11. The magistrate judge disagreed, explaining that the ALJ supported his decision by finding that Huizar "has received no specialized treatment [for narcolepsy] or made any particular subjective complaints since the amended alleged onset date." Id. at 13 (punctuation modified). The ALJ also supported his decision by adopting the opinion of Dr. Jerilynn Campbell, who explicitly noted Huizar's narcolepsy in her opinion and suggested that Huizar take precautions against unprotected heights. Id. at 13–14. Further, "even if the ALJ erred

2

by excluding narcolepsy from the severe impairment list, the error is harmless." Id. at 14. "Where an ALJ considers a claimant's severe and non-severe impairments after Step Two in the analysis, the Sixth Circuit finds the fact that some impairments were not deemed to be severe at Step Two to be 'legally irrelevant.'" Id. (quoting Anthony v. Astrue, 266 F. App'x 451, 457 (6th Cir. 2008)). Here, the magistrate judge explained, the ALJ found other impairments to be severe. Id. He also considered Huizar's narcolepsy after step two of the analysis, stating in his RFC determination that Huizar "should avoid exposure to unprotected heights" to, among other things, account for her narcolepsy. Id. at 13–14.

### B. Jobs

The Dictionary of Occupational Titles (DOT) defines jobs available in the national economy by reasoning level. Higher levels represent higher levels of reasoning development. Matelski v. Comm'r of Soc. Sec., No. 97-3366, 1998 WL 381361, at *6 (6th Cir. June 25, 1998). Under the DOT, "reasoning level one represents the ability to carry out one- to two-step jobs." Id.

In making the RFC determination, the ALJ utilized the opinion of Dr. George Starrett, a psychological consultant. R&R at 7. Dr. Starrett opined that Huizar could perform "simple one-to-two step tasks"—which Huizar suggests necessarily means jobs requiring level one reasoning—and found that Huizar has "severe mental impairments that preclude multi-step tasks that require sustained concentration over extended periods." Id. (punctuation modified). The ALJ found Dr. Starrett's opinion to be "generally persuasive" due to its overall consistency with the medical evidence. Id. at 7–8 (punctuation modified). The ALJ concluded that Huizar could perform "simple, routine, and repetitive tasks," and, therefore, the ALJ found Huizar capable of performing jobs requiring level two or three reasoning. Id. at 8 (punctuation modified).

Huizar argued that the ALJ's RFC determination was not supported by substantial evidence.[1] Specifically, she asserted that the ALJ failed to reconcile his rejection of Dr. Starrett's recommendation of a limitation of simple, one-to-two step tasks with the ALJ's determination that Huizar could perform reasoning level two or three jobs. Id. at 7–8. Put differently, Huizar contended that the ALJ should have found her capable of performing only jobs requiring level one reasoning.

Huizar's contention ostensibly derives from her belief that the DOT reasoning levels require the conclusion that Dr. Starrett's recommended limitation of simple one-to-two step tasks equates to a recommended limitation of level one reasoning jobs. See DOT, 1991 WL 688702 (1991) (defining level one reasoning as requiring the ability to perform "simple one- or two-step instructions"). Huizar's argument is, therefore, premised on her assumption that the Commissioner is bound to make RFC determinations based on DOT reasoning levels. However, as the magistrate judge explained, the DOT reasoning levels are "'merely advisory in nature'"; the Commissioner is not bound to follow them in making disability determinations. R&R at 10 (quoting Matelski, 1998 WL 381361, at *6). Put differently, "there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications." Monateri v. Comm'r of Soc. Sec., 436 F. App'x 434, 446 (6th Cir. 2011). Further, the magistrate judge noted, courts in this circuit have

---

[1] The magistrate judge found that the ALJ's RFC determination was supported by substantial evidence, explaining that "[a]lthough ALJs are responsible for assessing RFC based on their evaluation of the medical and non-medical evidence, they are not required to rely on medical opinions." R&R at 9 (citing Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013)). "The most important factors for an ALJ to consider are supportability, or degree to which objective medical evidence supports the opinion, and consistency, or degree to which the opinion is consistent with other evidence." Id. (citing 20 C.F.R. § 404.1520c(c)). The ALJ clearly considered the supportability and consistency of Dr. Starrett's opinion, summarizing Dr. Starrett's opinion and the medical record and ultimately concluding that Dr. Starrett's opinion was generally consistent with the medical evidence, but that Dr. Starrett's opinion on Huizar's social abilities "insufficiently accounted for Huizar's difficulty with socializing," based on a previous psychological evaluation. Id. at 10.

held that the ability to perform simple one-to-two step tasks—i.e., the tasks that Dr. Starrett believed Huizar could perform—are consistent with jobs requiring level two reasoning. R&R at 10 (citing Padilla v. Saul, No. 3:18-CV-580-CHB, 2020 WL 1651227, at *10 (W.D. Ky. Apr. 3, 2020); Russell v. Comm'r of Soc. Sec. Admin., No. 1:13-CV-291, 2014 WL 1333262, at *13–14 (N.D. Ohio Mar. 31, 2014)). Here, the ALJ identified a significant number of jobs available in the national economy with level two reasoning, consistent with both Dr. Starrett's opinion and the "ALJ's RFC of 'simple, routine, and repetitive tasks.'" Id. (citing DOT, 1991 WL 688702 (1991)).

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

In her objections to the R&R, Huizar again challenges the sufficiency of the ALJ's finding that her narcolepsy is a non-severe impairment as well as the ALJ's determination of jobs that

5

Huizar can perform. The Court separately addresses Huizar's two objections.

### A. Narcolepsy

As noted above, the ALJ found Huizar's narcolepsy to be a non-severe impairment. The magistrate judge, in turn, determined that the ALJ's finding was supported by substantial evidence and, even if it were not, any such error was harmless. R&R at 11–14. Huizar contends that the magistrate judge erred because (i) "the ALJ [did not] adequately consider[] [her] . . . narcolepsy," and (ii) this failure "would [not] be harmless." Objections at 4. Regarding the former point, Huizar acknowledges that, as the magistrate judge stated, the ALJ's decision adopts the opinion of Dr. Campbell, who noted Huizar's narcolepsy. Id. However, Huizar complains that "Dr. Campbell only commented on physical limitations"; "she did not discuss the applicability of narcolepsy to mental limitations." Id. Huizar makes no attempt to develop her latter point regarding the harmfulness of the purported error.

Even if the magistrate judge incorrectly determined that the ALJ's finding of a non-severe impairment was supported by substantial evidence, Huizar utterly fails to explain any error in the magistrate judge's alternative holding that "even if the ALJ erred by excluding narcolepsy from the severe impairment list, the error is harmless." R&R at 14. Undeveloped, conclusory objections do not constitute proper objections to an R&R. See Riggins v. Cook, No. 2:20-cv-110, 2022 WL 815282, at *2 (W.D. Mar. 17, 2022) (overruling objection that the plaintiff "fail[ed] to develop" and "merely alleged in a conclusory fashion" as an "[im]proper objection to the R&R's findings"). Moreover, Huizar "does not specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from [her alleged] . . . mental impairments." Turvey v. Comm'r of Soc. Sec., No. 12–12388, 2013 WL 3271194, at *5 (E.D. Mich. June 27, 2013) (rejecting the plaintiff's RFC challenge where he did not specify any such

6

additional work-related functional limitations). Accordingly, Huizar's objection is overruled.

**B. Jobs**

Huizar takes issue with the magistrate judge's treatment of the ALJ's determination of the jobs that Huizar can perform, arguing that the ALJ failed to justify the material difference between (i) his determination that Huizar could perform jobs requiring reasoning levels two or three; and (ii) Dr. Starrett's opinion, which, Huizar suggests, limited her to performing reasoning level one jobs. Objections at 1–3.[2]

Huizar's objection is premised on her inaccurate assumption that Dr. Starrett's opinion is necessarily inconsistent with the ALJ's determination of the jobs that Huizar can perform. As noted above, the ALJ determined that Huizar could perform a number of jobs, including level two reasoning jobs. Huizar assumes that Dr. Starrett's recommended limitation of simple one-to-two step tasks must be interpreted as a recommended limitation of level one reasoning jobs, because this is how the DOT defines level one reasoning jobs. However, as the magistrate judge explained, an ALJ is not required to align DOT reasoning levels with RFC classifications. See R&R at 10; Monateri, 436 F. App'x at 446. Moreover, caselaw supports that Dr. Starrett's recommended limitation—simple one-to-two step tasks—is consistent with level two reasoning jobs. R&R at 10 (citing Padilla, 2020 WL 1651227, at *10; Russell, 2014 WL 1333262, at *13–14). Because Dr. Starrett's opinion is not necessarily inconsistent with the ALJ's determination of the jobs that Huizar can perform, Huizar's objection fails and is overruled.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Huizar's objections (Dkt. 21) and adopts the magistrate judge's recommendation (Dkt. 20). Accordingly, the Court denies Huizar's motion for

---

[2] Huizar, however, acknowledges the magistrate judge's assessment that the ALJ adequately assessed the supportability and consistency of Dr. Starrett's opinion. R&R at 3.

summary judgment (Dkt. 17), grants the Commissioner's motion for summary judgment (Dkt. 18), and affirms the Commissioner's decision.

    SO ORDERED.

Dated: July 7, 2022                                        s/Mark A. Goldsmith
    Detroit, Michigan                          MARK A. GOLDSMITH
                                                      United States District Judge